# **EXHIBIT 1**

Filing # 213806034 E-Filed 01/06/2025 11:31:47 AM

IN THE 15TH CIRCUIT COURT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO.: _____

JOSE OMAR PACHECO,

     Plaintiff,

vs.

DERBY ENTERPRISES, LLC
d/b/a Derby Products & Services
JOHN DERBY, individually, and
KELLY DERBY, individually,

     Defendants.
_____/

## COMPLAINT

Plaintiff JOSE OMAR PACHECO ("Plaintiff" or "Pacheco"), by and through undersigned counsel, hereby sues Defendants DERBY ENTERPRISES, LLC ("Derby Enterprises"), JOHN DERBY ("John Derby"), individually, and KELLY DERBY ("Kelly Derby"), individually (collectively "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action by Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA").

2. This Court has jurisdiction as the amount in controversy exceeds $30,000.00, exclusive of attorneys' fees and court costs.

**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

1 | Page

3. Plaintiff seeks all applicable damages (unpaid overtime wages and liquidated damages), recovery of reasonable attorneys' fees and costs, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

5. Derby Enterprises is, and was, a Florida for-profit corporation conducting business in Palm Beach County, Florida.

6. John Derby is a corporate officer and co-operator of Derby Enterprises during the time period Plaintiff worked for Defendants. John Derby controlled the day-to-day business of Derby Enterprises. During the relevant period, John Derby was involved in hiring, firing, scheduling, instructing employees, paying wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

7. Kelly Derby is a corporate officer and co-operator of Derby Enterprises during the time period Plaintiff worked for Defendants. Kelly Derby controlled the day-to-day business of Derby Enterprises. During the relevant period, Kelly Derby was involved in hiring, firing, scheduling, instructing employees, paying wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

8. Defendants are employers, joint employers, or co-employers for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

9. Venue is proper in this Court because Defendants transact business in Palm Beach County, Defendants maintain a principal place of business in this

2 | Page

Palm Beach County, Defendants employed Plaintiff in this Palm Beach County, and the claims arose within the Palm Beach County.

## GENERAL ALLEGATIONS

10. During October of 2022, Pacheco began working for Defendants in a full-time, non-exempt position.

11. During the relevant period, from approximately October 10, 2022 through approximately January 31, 2024 (the "Relevant Time Period"), Pacheco routinely worked over forty (40) hours per week.

12. During the Relevant Time Period, Pacheco worked approximately fifty-five (55) to sixty (60) hours per week for Defendants.

13. During the Relevant Time Period, Pacheco was regularly asked to arrive at work before, or stay later, than what his typical schedule provided. This request was made to Pacheco by either John Derby or Kelly Derby

14. During the Relevant Time Period, Defendants failed to utilize a timekeeping method that accurately captured Pacheco's work hours, including his overtime hours.

15. During the Relevant Time Period, Defendants failed to utilize a timekeeping method that accurately captured any breaks taken Pacheco, including lunch, if such a break was even taken.

16. During the Relevant Time Period, Defendants had knowledge that Pacheco was working without any precise method to record his actual hours, including overtime wages.

17. During the Relevant Time Period, Defendants financially benefitted from their wage & hour scheme as compensable work under the FLSA was

**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

completed by Pacheco without Defendants tendering additional, lawfully earned wages.

18.     During the Relevant Time Period, Defendants failed to issue Pacheco pay at time-and-a-half his regular rate of pay for all overtime hours worked as required by the FLSA.

19.     During the Relevant Time Period, Defendants refused to pay Pacheco complete overtime wages he was owed under the FLSA.

20.     Defendants are Pacheco's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 and, as such, jointly and severally owe Plaintiff unpaid overtime wages.

## COUNT I
## OVERTIME VIOLATION BY DERBY ENTERPRISES

21.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22.     Upon information and belief, Derby Enterprises' gross annual revenue exceeded $500,000.00 during 2022, 2023, and 2024.

23.     At all relevant times, Derby Enterprises employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

24.     Upon information and belief, Derby Enterprises obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines

**PERERA LAW GROUP, P.A.**
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

25. Derby Enterprises, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

26. Derby Enterprises is an employer engaged in interstate commerce and subject to the FLSA.

27. Plaintiff worked overtime hours for Derby Enterprises for which he was not compensated at a rate of no less than one and one-half times his regular rate of pay as required by the FLSA.

28. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

29. In addition, Derby Enterprises is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Derby Enterprises under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

5 | Page

f.    Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS BY JOHN DERBY

30.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if fully set forth herein.

31.    John Derby is a co-owner and general co-operator of Derby Enterprises, had control/access to employee records (including Plaintiff's), had authority to implement a proper timekeeping system for employee work hours (including Plaintiff's) but failed to do so, was partially or totally responsible for paying Plaintiff's wages, and had access to the finances of the business.

32.    John Derby has had control of the finances and direction of Derby Enterprises at all relevant times.

33.    During the Relevant Time Period, John Derby exercised control over Derby Enterprises' workers, including Plaintiff.

34.    John Derby had the power and authority to hire, discipline, and terminate employees of Derby Enterprises.

35.    During the Relevant Time Period, John Derby required Plaintiff to regularly work off-the-clock by failing to implement any timekeeping system.

36.    John Derby had knowledge of Plaintiff's work hours, including overtime hours.

37.    John Derby benefited from Plaintiff's work hours, including overtime hours.

38.    John Derby did not keep records of Plaintiff's work hours, including overtime hours.

PERERA LAW GROUP, P.A.
12555 Orange Drive · #4107 · Davie, FL 33330
www.PBA-Law.com · Phone (786) 485.5232

39.     Plaintiff worked over 40 hours per week for Derby Enterprises on many workweeks during the Relevant Time Period.

40.     John Derby and Derby Enterprises failed to pay Plaintiff at time-and-a-half his regular rate of pay for all overtime hours worked.

41.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

42.     John Derby is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff against John Derby under the FLSA;

b.   Award Plaintiff actual damages for the unpaid overtime wages;

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff his attorneys' fees and costs;

e.   Award Plaintiff all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and proper.

### COUNT III
### OVERTIME VIOLATIONS BY KELLY DERBY

43.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 above as if fully set forth herein.

44.     Kelly Derby is a co-owner and general co-operator of Derby Enterprises, had control/access to employee records (including Plaintiff's), had authority to implement a proper timekeeping system for employee work hours

(including Plaintiff's) but failed to do so, was partially or totally responsible for paying Plaintiff's wages, and had access to the finances of the business.

45. Kelly Derby has had control of the finances and direction of Derby Enterprises at all relevant times.

46. During the Relevant Time Period, Kelly Derby exercised control over Derby Enterprises' workers, including Plaintiff.

47. Kelly Derby had the power and authority to hire, discipline, and terminate employees of Derby Enterprises.

48. During the Relevant Time Period, Kelly Derby required Plaintiff to regularly work off-the-clock by failing to implement any timekeeping system.

49. Kelly Derby had knowledge of Plaintiff's work hours, including overtime hours.

50. Kelly Derby benefited from Plaintiff's work hours, including overtime hours.

51. Kelly Derby did not keep records of Plaintiff's work hours, including overtime hours.

52. Plaintiff worked over 40 hours per week for Derby Enterprises on many workweeks during the Relevant Time Period.

53. Kelly Derby and Derby Enterprises failed to pay Plaintiff at time-and-a-half his regular rate of pay for all overtime hours worked.

54. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

55. Kelly Derby is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the

intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Kelly Derby under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: January 6, 2025

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, #4107
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*