# EXHIBIT 5

Filing # 216091947 E-Filed 02/05/2025 12:09:03 PM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO.: 50:2025-CC-000074

JOSE OMAR PACHECO,

    Plaintiff,

v.

DERBY ENTERPRISES, LLC
d/b/a Derby Products & Services,
JOHN DERBY, individually, and
KELLY DERBY, individually,

    Defendants.

_____/

### ANSWER AND DEFENSES

Defendants, DERBY ENTERPRISES, LLC d/b/a Derby Products & Services, JOHN DERBY, individually, and KELLY DERBY, individually, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

**Any allegation not specifically denied is hereby denied by this reference and strict proof is demanded.**

### JURISDICTION AND VENUE

1. Admit that Plaintiff purports to set forth a cause of action for unpaid overtime but deny any relief is proper.

2. Admit that Plaintiff has alleged damages in excess of $30,000 but deny there are damages or that back wages for overtime, if any, could exceed $30,000.00

3. Admit that Plaintiff seeks damages but deny any relief is proper.

### PARTIES, JURISDICTION, AND VENUE

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

## GENERAL ALLEGATIONS

10. Admit that the Plaintiff worked for Defendants beginning in October of 2022.

11. Deny.

12. Deny.

13. Deny.

14. Deny. Further admit that Plaintiff worked directly with the owners of the company so in addition to his time records, the hours he worked are well known. He was paid a salary until February 2024 at which time he was paid hourly. He did not work over 40 hours. He did not have a key or access to the workplace before or after hours.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Admit that the Defendants are joint employers but deny any relief is proper.

## COUNT I
## OVERTIME VIOLATION BY DERBY ENTERPRISES

21. Defendants readopt and reallege their answers to the allegations contained in ¶¶ 1-20 above.

22. Admit.

23. Admit the FLSA applies to the Defendants.

24. Admit the FLSA applies to the Defendants.

25. Admit the FLSA applies to the Defendants.

26. Admit the FLSA applies to the Defendants.

27. Deny.

28. Deny.

29. Deny.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count I of the Complaint and move to strike all damages prayed for in the ad damnum clause of Count I.

## COUNT II
## OVERTIME VIOLATIONS BY JOHN DERBY

30. Defendants readopt and reallege their answers to the allegations contained in ¶¶ 1-20 above.

31. Admit that Derby is an employer, deny remainder.

32. Admit the FLSA applies to the Defendants.

33. Admit the FLSA applies to the Defendants.

34. Admit the FLSA applies to the Defendants.

35. Deny.

36. Admit Derby had knowledge of Plaintiff's work hours, deny overtime hours were worked.

37. Deny any overtime hours were worked. Admit that Plaintiff's work benefit Defendants.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Admit Derby is a joint employer, deny any relief is proper.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count II of the Complaint and moves to strike all damages prayed for in the ad damnum clause of Count II.

**COUNT III**
**OVERTIME VIOLATIONS BY KELLY DERBY**

43. Defendants readopt and reallege their answers to the allegations contained in ¶¶ 1-20 above.

44. Admit that Derby is an employer, deny remainder.

45. Admit the FLSA applies to the Defendants.

46. Admit the FLSA applies to the Defendants.

47. Admit the FLSA applies to the Defendants.

48. Deny.

49. Admit Derby had knowledge of Plaintiff's work hours, deny overtime hours were worked.

50. Deny any overtime hours were worked. Admit that Plaintiff's work benefit Defendants.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Admit Derby is a joint employer, deny any relief is proper.

Defendants deny that Plaintiff is entitled to any of the relief sought in Count III of the Complaint and moves to strike all damages prayed for in the ad damnum clause of Count III.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants set forth below their defenses and affirmative defenses to the claims and causes of action alleged within the Complaint filed by Plaintiff. By setting forth these defenses and affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendants reserve the right to amend or supplement these affirmative defenses, or raise appropriate counterclaim(s), as additional facts become known to Defendants. As separate and distinct defenses and affirmative defenses, Defendants allege and state as follows:

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was properly compensated under the Fair Labor Standards Act (FLSA) and/or Florida law.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the hours alleged were worked are not "hours worked" within the meaning of the FLSA and/or Florida law.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times material to the Complaint, Defendants did not willfully fail to comply with the FLSA but acted in good faith and in compliance with the law including the U.S. Department of Labor and/or Florida Department of Labor's Wage and Hour Division.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times material to the complaint, Defendants did not willfully fail to comply with the FLSA and/or Florida law, but acted in good faith and reasonably believed it was complying with the law.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the FLSA's two-year statute of limitations and/or because Defendants did not willfully fail to comply with the FLSA and the longer three-year statute of limitations does not apply.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not willfully fail to comply with the Florida law, the longer statute of limitations does not apply.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover for non-compensable preliminary or postliminary work.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any uncompensated work time was de minimis and/or because any alleged damages are speculative.

### NINTH DEFENSE

In the event Plaintiff is otherwise entitled to an award of damages against Defendants for unpaid overtime (which Plaintiff is not), certain aspects of Plaintiff's compensation must be excluded from regular rate of pay calculation under 29 U.S.C. § 207(e).

## TENTH DEFENSE

In the event Plaintiff is otherwise entitled to an award of damages against Defendants (which he is not), Plaintiff is not entitled to prejudgment interest.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any overtime payments owed cannot be calculated at more than one-half of the individual's regular rate of pay for the workweek in which he worked and during the time period he was paid a salary.

## TWELFTH DEFENSE

During his employment Plaintiff asked for and received a loan in the amount of $2500 in August 15, 2023. An unpaid balance in the amount of $700 remains. Any damages Plaintiff receives should be set off and reduced by the amount of the unpaid loan balance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 5, 2025, I electronically filed the foregoing document with the Clerk of Court using E-Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the service list below in the manner specified, either transmission of Notices of Electronic Filing generated by E-Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing to.

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: cscott@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
SCOTT LAW TEAM, LLC
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:     (561) 653-0008
Facsimile:     (561) 653-0020
www.ScottLawTeam.com
*Counsel for Defendants*

## <u>SERVICE LIST</u>
### CASE NO.:  50:2025-CC-000074

J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Perera Law Group, P.A.
12555 Orange Drive, #4107
Davie, FL 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*